### BENNETT v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 6, 1903.)

1. MUNICIPAL CORPORATIONS—GREATER NEW YORK POLICE FORCE—GRADES.

Greater New York Charter, § 299, provides for the compensation of the police force, etc., and enacts that nothing in the section shall be construed to change the salaries or grades of policemen who were members of the New York police force prior to January 1, 1898 (the time when the police forces were consolidated), and provides that "all other patrolmen of the various police forces shall belong, so far as pay or compensation is concerned, to the grade indicated by the compensation they were receiving" January 1, 1898; and it further declares that all "patrolmen who have served five years or upwards shall be members of the first grade." Section 355, relating to pensions, provides that the period of service on the police force of which one was formerly a member shall be taken into consideration in fixing his right to a pension. Held, that a member of the park police force, transferred into the consolidated force, did not become a member of the first grade, because of his having served five years on the police force from which he was transferred, but his grade was determined by the amount of salary that he was receiving at the time of the transfer.

Appeal from Trial Term, New York county.

Action by Eliza Bennett, as administratrix, etc., of James Bennett, deceased, against the city of New York. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

The facts as agreed upon show that the defendant is a municipal corporation existing under the laws of the state of New York; that plaintiff's intestate was duly appointed a member of the park police in the city of New York, as formerly constituted, on the 22d day of May, 1889, and had held such position continuously since until the taking effect of the Greater New York

charter, and was receiving an annual salary of $1,100 as a member of said park police; that pursuant to section 277 of the Greater New York Charter (Laws 1897, c. 378) the members of the police force appointed by the commissioners of public parks in the city of New York, as formerly constituted, became members of the police force specified in section 276 of said act. The plaintiff's intestate became a member of the police force specified in section 276 of the Greater New York charter at the taking effect of said charter, and was such member from April 1, 1898, to the 31st day of December, 1899. The plaintiff's intestate received from defendant, for services as such member for such period, the sum of $2,263.40, less the sum of $45.27, deducted pursuant to law for the pension fund. Pursuant to sections 277 and 299 of chapter 378 of the Laws of 1897, the members of the police force of the first grade, whose annual pay or compensation is $1,400, were entitled to receive for the same period of time for which plaintiff's intestate received pay, $2,395.33, less the sum of $47.91, to be deducted pursuant to law for the pension fund; making a difference of $129.27 between that which the deceased actually received and that which he would have received, had he drawn the pay belonging to the first class. The plaintiff's intestate was, on the 1st day of April, 1898, enrolled in the fourth grade, and received the annual salary attached to such grade, to wit, the sum of $1,150. On the 22d day of May, 1898, he was placed in the third grade, and received the annual salary of $1,250 until the 22d day of November, 1898, when he was placed in the second grade and received the annual salary of $1,350. On the 22d day of May, 1899, he was placed in the first grade and received the annual salary of $1,400. The said several salaries were paid to him monthly and at regular intervals during the time he was a member of the police department, and he received the same from the defendant and signed a monthly pay roll on each occasion, which contained the following memorandum: "Received from ———, Treasurer, the sum hereunder placed opposite my name, in full payment of services rendered by me in the capacity and for the entire time specified in this pay roll, and in full for all demands to date." The plaintiff claims that there is now due to her from the defendant the sum of $129.27. More than 30 days before the commencement of this action the claim upon which the same is founded was duly presented for adjustment to the comptroller of the city of New York, and for 30 days after such presentment he has refused and neglected to make an adjustment or payment thereof.

Upon the foregoing statement of facts, it is the contention of the plaintiff that her intestate was entitled to the pay belonging to the first grade from the 1st day of April, 1898, to the 31st day of December, 1899. The court below decided that he was not entitled to such other compensation, and from the judgment thereon entered this appeal is taken.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

James E. Smith, for appellant.
Theodore Connoly, for respondent.

HATCH, J. The question presented by this appeal is solved by a determination as to whether a member of the park police force, transferred into the consolidated force of the Greator New York City, is upon the instant placed in the first grade if he has served five years upon the police force from which he is transferred into the new force, or whether the grade which he is to occupy in the new force is determined by the amount of salary which he was receiving at the time of such transfer. By the provisions of section 299 of the charter, the compensation of the officers and members of the police force is established, as are also the respective grades into which the members of such force are divided. After providing for these matters, and others, relating to the time of payment of the

compensation, deduction on account of loss of time or sickness, and other matters, the section provides:

"Nothing in this section contained shall be construed to change in any way the salaries or grading, present or prospective, of the patrolmen or policemen who are or become members of the New York police force prior to January 1, 1898."

The last-named date was the time when the police forces existing in the Greater New York City were consolidated into one body. The above provision evidently relates to those policemen who were members of the police force of the city of New York prior to the consolidation, and as to them this saving clause was introduced to prevent any change in salary or grading to which they were at that time entitled. Then follows the provision:

"All other patrolmen or policemen of the various police forces consolidated into a single force by the provisions of this act shall belong, so far as pay or compensation is concerned, to the grade indicated by the pay or compensation which they are respectively receiving on January 1, 1898. But nothing in this section contained shall be construed to affect in any other way the rights and privileges secured under the provisions of this act to the members of the various police forces consolidated into a single force by this act."

This paragraph of section 299 relates in terms to all of the other members of the police force in the various departments who had not theretofore been members of the police force of the city of New York, and in terms it fixed their status as to grade, based upon the compensation which they were then receiving. The language is so clear in this respect as not to require construction. It did more. By the saving clause there was reserved to such patrolmen or policemen all of the rights and privileges which they enjoyed prior to the transfer. As the salary, grade, and rights of the police force of the city of New York prior to consolidation were saved, and continued so, likewise the rights and privileges of the transferred policemen were also saved and continued. They, however, had no right as to grade in the new force, and, while saving their rights and privileges, the section also fixed the grade by making it dependent upon the salary which they were receiving at that time. The language used in the section, "all such members who are patrolmen and who shall have served five years or upwards on said force shall be members of the first grade," in view of the specific provision with respect to the policemen or patrolmen transferred, must be held to have relation solely to the members of the police force of the city of New York who were such prior to consolidation, and did not embrace those transferred; otherwise, the two provisions would be inconsistent. Being so qualified and limited, the whole section may be harmoniously construed.

Nor was the decedent's status as to grade qualified by the paragraph following that which made the grade dependent upon the pay or compensation received. Such paragraph does not assume to fix the grades or regulate them. It relates solely to the advancement of the patrolman to the next grade when he shall have become a member of the new force and after his grade therein is fixed and established. Nor is this construction at all disturbed by

the provisions of section 355 of the charter, relating to pensions. The subject-matter of this section is quite independent of that which fixes the grade upon the force. Therein, in terms, the right to pension is conferred upon those members of the police force who had been members of the force transferred. Because their period of service upon the police force of which they were formerly members was taken into consideration in fixing and determining their right to a pension does not bear even remotely upon the provision of law which fixed their grade. The statute in each case speaks with a clearness which leaves no room for controversy. One made the grade dependent upon compensation received at the time of the consolidation. The other considered the entire service in fixing the right to a pension. There is no conflict between the two. Both regulate a given subject in express terms.

We conclude, therefore, that the plaintiff's intestate was properly placed in the fourth grade upon the consolidated force. He has been paid in full the salary attached to such grade. His personal representative has, therefore, no cause of action against the city. This view renders it unnecessary that we should consider what, if any, effect should be given to the receipt in full which he gave for his salary at the time he received the same.

It follows that the judgment should be affirmed, with costs. All concur.